CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court properly held that the consumer expectations test did not apply to Mich-ery’s design defect claim. I also agree that the district court properly held that the risk/benefit test did apply. I do not agree, however, that Michery presented evidence' sufficient to raise a genuine dispute of material fact under the risk/benefit *343 test. I respectfully dissent as to that element of the disposition and would affirm the summary judgment entered by the district court.
Michery’s claim cannot survive summary judgment unless he can point to enough evidence for a jury to return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). “If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.” Id.
Much of the evidence Michery presented before the district court simply did not demonstrate the circumstances he sought to prove, which was that the Expedition’s driver’s-side floor space and side rails collapsed inward in the accident and led to his injuries. The witness testimony described only the conditions leading to the accident and the accident itself, and the hospital records noted that Michery fractured his left leg in two places, but did not provide information as to how. While the collision report noted that there had been major damage to the front left side of the ear and “[djriver side floorboard intrusion,” it provided few specifics. Only three photographs were taken of the car’s interior at the crash site, and the floor was covered by a mat in the only photograph taken at an angle that could potentially have revealed damage to the floorboard.
Dr. Khadilkar’s testimony was not sufficient to save Michery’s case. While I agree with the majority that the district court erred when it declined to consider Dr. Khadilkar’s declaration altogether, his conclusions were only as valid as the underlying evidence, none of which was significantly probative. For instance, Dr. Khadilkar’s descriptions of the damage to the Expedition were purportedly based on the accident scene photographs, but those photographs did not always reflect his description. For example, he described a “rearward inward push at the floor board coming through the toe board” of the damaged Expedition, but the floorboard was obscured by a mat in the only photograph available. The only crash test Dr. Khadil-kar reported relying on involved a different vehicle (a Ford F-150 pickup truck instead of an Expedition SUV), in a different type of crash (head-on instead of angled), moving at a different speed. Although he alluded to having considered four crash tests conducted on 1999 Ford Expedition vehicles like the one Michery was driving, he did not suggest that those crash tests had influenced his analysis and did not explain their relevance.
A lack of reasoning pervaded Dr. Kha--dilkar’s conclusions. In effect, his declaration amounted to nothing more than an assertion that he was an expert and a proclaimed conclusion that the damage was “excessive” and that the risk of the design outweighed the benefits, without further explanation. The vehicle in question was from model year 1999, and there were likely thousands of that model sold. Dr. Khadilkar had reason for not being able to inspect the specific vehicle involved in the crash, but, save his cursory reference to the existence of crash tests, he did not refer to any inspection by him or by anyone else of any other 1999 Expedition, either. Nor did he identify any other accidents or incidents involving that model vehicle, even- though it had been available and on the market for more than a decade. More should have been required to provide credible proof upon which a reasonable jury could rely to support a conclusion that the design of the 1999 Expedition was defective under the risk/benefit test.
Because it is clear to me that Michery did not provide enough evidence for a jury to return a verdict in his favor, I would *344 affirm the district court's grant of summary judgment.